```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


DAVID D. KERVIN, JR.                          CIVIL ACTION


v.                                            NO. 06-3231

CITY OF NEW ORLEANS, ET AL.                   SECTION "F"
```

ORDER AND REASONS

Before the Court are two motions to dismiss:  one by Louisiana Governor Kathleen Blanco; the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police ("DPSC")[1]; and the New York State Police, and the other by the Louisiana State Penitentiary at Angola ("Angola").  For the reasons that follow, the motions are GRANTED.

Background

David Kervin, an attorney at law, claims a wide variety of civil-rights and tort violations following his October 15, 2005 return to New Orleans after Hurricane Katrina.  He charges that the New Orleans Police Department entered his home without a warrant, damaged or unlawfully confiscated his two firearms, and threatened

---

[1] The parties occasionally refer to the State of Louisiana through the Department of Public Safety and Corrections, Office of State Police as "Louisiana State Police."

1

him.  He says that Angola officials detonated bombs in the vicinity of his holding cell at the prison and struck him with a shotgun blast.  Mr. Kervin further alleges that a New York police officer threatened to "lose Mr. Kervin's paperwork" if he complained of the shotgun incident, which would delay his release from the holding cell.  As a result, Mr. Kervin claims that law enforcement authorities violated his constitutional rights under the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and he seeks damages pursuant to 42 U.S.C. § 1983.  Mr. Kervin adds that law officers violated 18 U.S.C. § 2340, which prohibits torture, and that Governor Blanco violated the Posse Comitatus Act, 18 U.S.C. § 1385, by authorizing the use of the National Guard as law-enforcement personnel.

Mr. Kervin filed this civil action against the City of New Orleans Police Department, Orleans Parish Sheriff's Department, DPSC, New York State Police, Angola (the state prison), The City of New Orleans, Mayor C. Ray Nagin, New Orleans Police Officer No. 1, New Orleans Police Officer No. 2, Angola Officer No. 1, New York State Police Officer No. 1, and Louisiana Governor Kathleen Blanco.  Governor Blanco, DPSC, and the New York State Police move to dismiss the claims for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Angola moves to dismiss all claims for failure to state a claim upon which relief can be

granted under Rule 12(b)(6).

I.

A.  Federal Rules of Civil Procedure

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject-matter jurisdiction.  A court may find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists.  Id. at 161.  A claim may not be dismissed for lack of subject matter jurisdiction unless it appears certain that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Assn. of Miss., Inc. v. City of Madison, 143 F.3d 1006 (5th Cir. 1998)(quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996).

3

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in the plaintiff's favor and all facts pleaded in the complaint must be taken as true.  See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).  This Court cannot dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of  facts in support of his claim which would entitle him to relief."  Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In a case where multiple grounds for dismissal apply, "the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(citing C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1350 (1971)).  "Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the

4

same or in another forum."  Hitt, 561 F.2d at 608.

B.  Sovereign Immunity

The law of sovereign immunity, which is derived from the Eleventh Amendment of the Constitution and considerations of federalism, bars all individuals from suing a State for money damages in federal court.  Frew ex rel. Frew v. Hawkins, 540 U.S. 432, 437 (2004); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Ussrey v. Louisiana, 150 F.3d 431, 434 (5th Cir. 1998). State officials may enjoy immunity under the Eleventh Amendment when they are sued in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Congress may, however, abrogate a State's sovereign immunity under Section 5 of the Fourteenth Amendment if congressional intent to abrogate is expressed unequivocally and Congress has acted pursuant to a valid exercise of its power.  Ussrey, 150 F.3d at 434.  In addition, States may waive their sovereign immunity.  Id.

Congress has not abrogated the States' sovereign immunity for claims arising under 42 U.S.C. § 1983.  Inyo County, Cal. v. Paiute-Shoshone Indians of the Bishop Colony, 538 U.S. 701, 709 (2003); Quern v. Jordan, 440 U.S. 332, 338 (1979); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999) (per curiam).  Furthermore, the States of Louisiana and New York have not waived their sovereign immunity from § 1983 actions

5

brought against them in federal court.  See LA. REV. STAT. ANN. § 13:5106(A) (Supp. 2006) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977) (stating that New York has not waived its sovereign immunity to suits in federal court).  But see N.Y. COURT OF CLAIMS ACT § 8 (McKinney 1989 & Supp. 2006) (waiving immunity from liability for claims brought in the State Court of Claims).

C.  Posse Comitatus Act and Legislation Implementing the U.N. Convention Against Torture

The Posse Comitatus Act, 18 U.S.C. § 1385, prohibits the willful use of "any part of the Army or Air Force as a posse comitatus or otherwise to execute the laws."  Other courts have determined that § 1385 provides no private cause of action.  See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Andrade v. Chojnacki, 65 F. Supp. 2d 431, 465 n.21 (W.D. Tex. 1999); Lamont v. Haig, 539 F. Supp. 552, 558 (D.S.D. 1982).  Sections 2340(A)-(B) of the same title of the Code implement the U.N. Convention Against Torture.  Section 2340(A) prohibits torture *outside* the United States, while § 2340(B) explicitly provides that nothing in the chapter "shall . . . be construed as creating any substantive or procedural right

enforceable by law by any party in any civil proceeding."

## II.

Following the Hitt analysis for cases with multiple grounds for dismissal, this Court must first address for each defendant dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and then, if necessary, dismissal for failure to state a claim under Rules 12(b)(6).

### A.  Governor Kathleen Blanco

The plaintiff sued Governor Blanco alleging a violation of the Posse Comitatus Act, 18 U.S.C. § 1385.  This criminal statute does not provide a private right of action.  See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Andrade v. Chojnacki, 65 F. Supp. 2d 431, 465 n.21 (W.D. Tex. 1999); Lamont v. Haig, 539 F. Supp. 552, 558 (D.S.D. 1982). Because no private right of action exists, this Court lacks subject matter jurisdiction to hear the claim against Governor Blanco.

The plaintiff also sued Governor Blanco alleging her conspiracy to deny the plaintiff federally protected rights in violation of 42 U.S.C. § 1983.  Generally, a suit against the Governor in her official capacity is a suit against the Sovereign. See Edelman v. Jordan, 415 U.S. 651, 663 (1974).  In her capacity as the Governor of Louisiana, Kathleen Blanco may enjoy qualified immunity from suits for damages in federal court.  Champagne v.

7

Jefferson County Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999) (per curiam); Berthelot v. Boh Bros. Constr. Co., No. Civ.A. 05-4182, 2006 WL 2256995, at *14 (E.D. La. July 19, 2006) (Duval, J.). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. See Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 534 (5th Cir. 1997). Governor Blanco is entitled to qualified immunity because the plaintiff's complaint alleges no personal involvement by the Governor and subordinates acts trigger no individual § 1983 liability. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999). Champagne is binding on this Court.[2]

Because both claims against Governor Blanco lack subject matter jurisdiction, this Court dismisses the claims against her without prejudice pursuant to Rule 12(b)(1). Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign

---

[2] The Court draws attention to the apparent doctrinal confusion of the Fifth Circuit as reflection upon Champagne reveals. The appellate court seems to have confused the jurisdictional thrust of Rule 12(b)(1) with the availability of relief theory of Rule 12(b)(6). For example, an issue in Champagne was the Eleventh Amendment immunity of the Department of Public Safety and Corrections. The court upheld sovereign immunity under Rule 12(b)(6), although sovereign immunity seems more properly a jurisdiction issue. As to the § 1983 claim against the Governor, the court merely dismissed under Rule 12(b)(6) because no personal allegation had been made against the Governor, and made no inquiry into the threshold requirements for qualified immunity. Nevertheless, this Court is bound by Champagne and dismisses the plaintiff's § 1983 claims. The parties' briefing of these important issues was patently poor.

immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). Under Hitts, no further analysis is required to decide Governor Blanco's motion to dismiss under Rule 12(b)(6).

C.  State of Louisiana through the Department of Public Safety and Corrections, Office of State Police ("DPSC")

The plaintiff has sued DPSC alleging violations of legislation implementing the U.N. Convention Against Torture, 18 U.S.C. § 2340 et seq.  As already observed, the statute unambiguously applies only to torture outside the United States, § 2340(A), and the statute confers no private right of action, § 2340(B).  This Court lacks subject matter jurisdiction to hear the claim against DPSC.

The plaintiff also sued DPSC for violations of 42 U.S.C. § 1983.  DPSC invokes its sovereign immunity and claims this Court does not have subject matter jurisdiction to hear the claim.  The Eleventh Amendment does not simply bar suits against the Sovereign, but also against a State's alter egos.  Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986); Kenyatta-Bean v. Housing Auth. of New Orleans, No. Civ.A. 04-2592, 2005 WL 3543793, at *2 (E.D. La. Nov. 18, 2005)(Lemmon, J.).  "Whether an entity is covered by a State's Eleventh Amendment immunity turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems,

(5) ability to sue in its own name, and (6) right to hold and use property." <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312, 313 (5th Cir. 1999). The <u>Champagne</u> court has concluded that those factors "suggest that all Louisiana executive departments have Eleventh Amendment immunity." <u>Id.</u> The <u>Champagne</u> court further concluded that the first four factors supported finding immunity for the DPSC: Louisiana statutes and case law classify DPSC as part of the executive branch; it is a state-funded agency; the head of DPSC serves at the Governor's pleasure; and it performs "functions of the state," namely law enforcement. <u>Id.</u> DPSC is therefore an alter ego of the State of Louisiana and enjoys sovereign immunity. <u>Id.</u> at 313-14.

Because this Court lacks subject matter to hear the claims against DPSC, these claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and no further analysis is required to decide DPSC's motion to dismiss under Rule 12(b)(6). <u>Warnock</u>, 88 F.3d at 343.[3]

---

[3] The New York State Police is similarly an alter ego of the State of New York. Furthermore, New York has not waived its sovereign immunity. <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 38-40 (2d Cir. 1977) (stating that New York has not waived its sovereign immunity to suits in federal court); <u>Bayne v. Provost</u>, No. 1:04 CV 44, 2005 WL 1871182, at *5 (N.D.N.Y., Aug. 4, 2005) ("Inasmuch as New York has not waived its immunity from a § 1983 damages award, that much of the case brought against the New York State Police . . . is barred by the Eleventh Amendment.").
  Dismissal of this claim is proper because (1) the statute unambiguously applies only to torture outside the United States, § 2340(A), and (2) the statute confers no private right of action, § 2340(B).

C.   Angola

Unlike the motions to dismiss filed by Governor Blanco and DSPC, the motion to dismiss by Angola asserts only one ground for dismissal.  Angola moves to dismiss for failure to state a claim under Rule 12(b)(6).  This Court cannot dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of  facts in support of his claim which would entitle him to relief."  Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Rule 17(b) of the Federal Rules of Civil Procedure provides that in instances other than those involving an individual or a corporation, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  As such, Louisiana law applies in determining Angola's capacity to be sued by the plaintiff.  Louisiana law defines Angola to be the property of the Louisiana Department of Public Safety and Corrections, which is responsible for supervising the state prison system.  See LA. REV. STAT. ANN. § 15:821 (2005); see also Veal v. Cain, No. Civ. A. 04-1915, 2005 WL 3541054, at *1, *12-14 (E.D. La. Dec. 9, 2005) (Berrigan, C.J.) (refusing to discharge a prisoner housed at Angola from the custody of DPSC); Wilson v. Cain, No. 06-

---

These claims are therefore dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).  Warnock, 88 F.3d at 343.

0563-LC, 2006 WL 2548321, at *1 (W.D. La. Aug. 31, 2006) (acknowledging that a prisoner at Angola is in the legal custody of DPSC).  As such, Angola is not a state governmental entity that may be sued by Mr. Kervin.  Rather, DPSC is responsible for the prison system that includes Angola and the plaintiff has already directed his grievances toward that state agency.  Thus, the claim against Angola should is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

    Accordingly, the defendants' motions to dismiss are GRANTED.

    New Orleans, Louisiana, September 28, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE