**UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**DAVID D. KERVIN, JR.,**

Plaintiff

**VERSUS**

**THE CITY OF NEW ORLEANS POLICE DEPARTMENT, *et al*.**

Defendants.

**CIVIL ACTION NO. 06-3231**                    **SECTION F (MAG 2)**

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

### PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, comes David D. Kervin, Jr., plaintiff *pro se*, who submits his first supplemental and amended complaint, and respectfully pleads as follows:

**1.**

Paragraph 2 of plaintiff's original complaint is amended and supplemented with the following paragraphs:

**A)**     The City of New Orleans Police Department as a named defendant is replaced with Department of Police as a defendant;

**M)**     Marlin Gusman, Criminal Sheriff of Orleans Parish,  is named as a defendant in his

official and individual capacity;

**N)**     Warren Riley, Superintendent of Police for the City of New Orleans, is named as named as a defendant in his official and individual capacity.

## 2.

Paragraph 68 of plaintiff's original complaint is amended and supplemented with the following items of damages:

**g)**     Plaintiff requests and is entitled to punitive damages for all of defendants' wrongful actions alleged herein which were motivated by evil intent or which otherwise demonstrated a reckless or callous indifference to plaintiff's constitutional rights.

## 3.

Plaintiff's original compaint is amended and supplemented with the following paragraphs:

## 69.

Upon information and belief, Warren Riley was the Chief Operations Officer for the Department of Police and commanded all field and investigative units in the New Orleans Police Department which comprised 17 Divisions and over 1300 commissioned members at the time of plaintiff's unlawful arrest, detention, and imprisonment which are made the subject of this lawsuit.

**70.**

Upon information and belief, certain yet-to-be-identified Department of Police officers and Orleans Parish police officers acted together, and under the direct supervision of Warren Riley and Marlin Gusman, in constructing and detonating the improvised explosive devices used to terrorize and torture your plaintiff while he was imprisoned, which activities are more fully described in plaintiff's original complaint.

**71.**

Upon information and belief, Department of Police officers, namely New Orleans Police Officers No. 1 and No.2, were instructed by Warren Riley and Mayor Ray Nagin, to seize New Orleans resident's weapons, including seizing plaintiff's firearm from his house without permission, without probable cause, and without a warrant, which violates plaintiff's 2nd Amendment rights under the United States Consitution.

**72.**

Upon information and belief, Department of Police officers, namely New Orleans Police Officers No. 1 and No.2, acted together and under the supervision and instruction of Warren Riley and Mayor Ray Nagin, in seizing plaintiff's firearm from his house without permission, without probable cause, and without a warrant, and not returning said weapon to plaintiff, which violates plaintiff's 5th Amendment rights under the United States Constitution because such acts

constitute an unconstitutional taking of private property for public use.

**73.**

Upon information and belief, Department of Police officers, namely New Orleans Police Officers No. 1 and No.2, acted together and under the supervision and instruction of Warren Riley and Mayor Ray Nagin, in seizing plaintiff's firearm from his house without permission, without probable cause, and without a warrant, which violates plaintiff's 14th Amendment rights under the United States Consitution because such acts were unreasonable, arbitrary, and capricious and deprived plaintiff of his procedural and substantive due process rights.

**74.**

Upon information and belief, Department of Police officers, namely New Orleans Police Officers No. 1 and No.2, acted together and under the supervision and instruction of Warren Riley and Mayor Ray Nagin, in seizing plaintiff's firearm from his house without permission, without probable cause, and without a warrant, which violates plaintiff's 4th Amendment rights under the United States Consitution because such acts constituted an unreasonable search and seizure of plaintiff's person and his home.

**75.**

Upon information and belief, Mayor Ray Nagin's public remarks made on or about September 15, 2005, whereby Mayor Nagin stated that the police and military were well-armed

and ready to handle "criminals", even stating that they had a "bazooka" for those "special cases", are believed to have encouraged and/or directly incited the Department of Police and Orleans Sheriff's Department officers' wrongful conduct that is the subject of this lawsuit, including but not limited to, the seizing of plaintiff's firearm from his home, the false arrest and detention of plaintiff, subjecting plaintiff to terror and torture when the police officers detonated improvised explosive devices next to his cell, denying plaintiff access to counsel, cruel and unusual punishment to plaintiff, and all other police misconduct described in plaintiff's complaints.

**76.**

The public statements by Mayor Ray Nagin referred to in the above paragraph are believed to have constituted the official policy of the City of New Orleans and the Department of Police in the treatment of its armed citizens and its prisoners captured when returning to New Orleans after the storm.

**77.**

The City of New Orleans and Mayor Ray Nagin, defendants herein, are vicariously liable under the doctrine of respondeat superior for all state law violations committed by Department of Police officers against your plaintiff that are the subject of this complaint and for which this Court has supplemental jurisdiction under 28 U.S.C. §1367, *et seq*.

**78.**

Upon information and belief, The City of New Orleans and Mayor Ray Nagin knew of, or should have known of, the unconstitutional and tortious activities complained of by plaintiff which were conducted by Department of Police officers at the makeshift prison which included torture through the detonation of improvised explosive devices next to plaintiff's cell and defendants failed to take appropriate actions to remedy or prevent such unconstitutional and tortious activities.

**79.**

Upon information and belief, The City of New Orleans and the Department of Police, under the direction and/or supervision of Mayor Ray Nagin and Warren Riley, authorized the Greyhound Bus station to be used as a makeshift prison and defendants are therefore directly responsible for the conditions therein which violated plaintiff's federal 6th, 8th and 14th Amendment rights, including the failure to have proper seating for prisoners, failure to equip the cells with blankets or pillows for prisoners forced to stay outside on a cold October night on a concrete parking lot, failure to properly supervise police officers who were guarding the facility, failure to provide access to counsel, and failure to respond to the explosions emitting from the prison which were created by the police officers and which were intended to terrorize and torture the prisoners.

**80.**

Upon information and belief, Mayor Ray Nagin, Marlin Gusman, Warren Riley, and the Department of Police acted together to form a "coalition" of law enforcement agencies to operate the Greyhound Bus station prison where plaintiff was unconstitutionally confined and tortured and such deliberate agreement and actions were a driving force and cause of the unconstitutional police conduct which caused plaintiff's injuries more fully described in his complaints.

**81.**

Upon information and belief, Marlin Gusman, as Sheriff of Orleans Parish, knew of, or should have known of, the unconstitutional and tortious activities conducted by Orleans Parish police officers which are itemized and described in plaintiff's complaints and failed to take appropriate actions to remedy and/or prevent such unconstitutional and tortious activities.

**82.**

Based on the foregoing allegations, the City of New Orleans and Mayor Ray Nagin, defendants herein, are liable under the 2nd, 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution for all unconstitutional actions committed by Department of Police officers and New Orleans Police Officers No. 1 and No. 2 which were under their control, authority or to which Mayor Nagin gave them instructions which caused said constitutional violations.

**83.**

All defendants named in plaintiff's complaints are solidarily liable for the wrongful acts which are the subject of plaintiff's complaints.

**RESPECTFULLY SUBMITTED,**

DAVID D. KERVIN, JR.

_____/s/ David D. Kervin, Jr._____

David D. Kervin, Jr., Plaintiff *pro se*
709 Joseph Street
New Orleans, LA 70115
(504) 301-5318 Tel
(504) 895-5384 Fax
LA Bar No. 28374

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5 day of October, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel so enrolled and have mailed a copy of the pleading to all counsel not enrolled in the CM/ECF system.

_____/s/ David D. Kervin, Jr._____

David D. Kervin, Jr., Plaintiff *pro se*